Filed 1/22/16  P. v. Fleming CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078401 |
| v. | (Super. Ct. No. CM040436) |
| BRANDON KEITH FLEMING, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brandon Keith Fleming asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I

Defendant pleaded no contest to battery with serious bodily injury, a felony. (Pen. Code, § 243, subd. (d).) At sentencing on June 4, 2014, the trial court sentenced defendant to the upper term of four years in prison for the felony offense, but it also sentenced defendant in six misdemeanor cases.

The prosecutor asked that the trial court award the custody credit toward the misdemeanor cases. Defense counsel did not object. In one of the misdemeanor cases (case No. SCR96513), the trial court sentenced defendant to 289 days with credit for time served. It then imposed concurrent sentences in the five other misdemeanor cases. Defendant had been in custody from January 11, 2014 through June 4, 2014 [145 actual days plus 144 conduct days for a total of 289 days of presentence custody credit]. The trial court awarded zero days of presentence custody credit in the felony case because the custody credit was applied to the misdemeanor case.

More than two months later, defendant filed a request for correction of his presentence custody credit, claiming he was entitled to credit for time spent in custody from January 11, 2014 through June 4, 2014. After a hearing on January 14, 2015, at which the prosecutor, the probation officer and defense counsel (but not defendant) appeared and had the opportunity to comment, the trial court denied defendant's request for correction, determining that at sentencing, all the credit had been awarded in the misdemeanor case and that defendant was not entitled to any credit in the felony case. Defendant appealed from that denial.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

2

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

/S/
Mauro, J.

We concur:

/S/
Robie, Acting P. J.

/S/
Murray, J.

3